Judge Haggin
delivered the opinion of the Court.
ON the 18th of .August 1813, Brown executed his note to Armstead Morehead, for $3QQ, payable with *137 interest, when Morehead should have to pay a debt of1 $3,000 to Loving; and on the 20th of July 1819, More-head assigned the note to Samuel Vance, who prosecuted an action upon it in the Logan circuit court, which was for a while defended; but at the August term .1820, the plea was withdrawn and judgment confessed, witha reservation of equity.
Allegations^ the bill of in-Junctl0n-
A ^
Proolb.
Assignor is fgntct°'n^v the discharge of an obliga-tl°?' °“ a'bilUiy'obH-gor to enjoin t!ie judgment at law obtained by as-be^e'released from his liability on ment.SS1°a~
*137 To enjoin this judghient, Brown filed his bill, alleging that on the 17th day of August 1813, Armstead Morehead executed his note to him for $286 30 cents, payable on the 26th of December following, upon which only $100 had been paid; that on the 5th of October 1818, Armstead'Morehead executed a note (o James Morehead for $78 69 cents, which was assigned to him on the 3d of November 1818; that Armstead Morehead was indebted to him $199 for whiskey, and $12 for barrels delivered to his order in the months of February and September 1818, and that Armstead Morehead had sold to him a tract of land, warranting the; contents to be 700 acres, but in truth it fell considerably short of that quantity; praying to be allowed for the sums due as aforesaid, and for the deficit inland.
Vance answered, stating that he had effectuated a settlement between Morehead and Brown, of all matters between them, except for the land; that notes of about $186 principal still due, and about $74, were embraced in this settlement; that Brown fell indebted to Morehead $146; but they disagreed about the land. He says, that of his own knowledge he. is not informed of the justice of the complainant’s demands, and cannot admit them, and requires proof.
The notes, the orders for whiskey, and the convey-anee of the land, were read on the final hearing, without exception; and the deposiiion of A. Morehead, proving the settlement with Brown, as set forth by Vance, was also read, but in opposition to the will of Brown. The bill was dismissed, and an appeal.
The competency of A. Morehead, is the..first question presented for consideration; and it requires but little. If the testimony of Morehead prevails, he stands discharged from all liability. His assignee obtains the amountof the note, and Brown is still in his debt. If the testimony of Morehead shall fail, he is directly liable to Vance upon the assignment. An assignee shall sue, the maker pleads payment to the assignor, and *138 without release the assignor is introduced by plaintiff ne£a^ve tbe payment; or the defendant pleads.a set-off against the assignor, and without release the as* signor is offered as a witness to disprove the set-off; between the two cases, in principle, we cannot see the Bjja(}e 0f difference. The interest is direct and obvi* ous, and the deposition of Morehead incompetent. We are aware of cases where the assignor may be received without a release; but there he incurs a personal lia-bilify to the maker, equal to his exoneration from the assignee.
Where the obligation in exhiblteil in the bill, and not directly answer^nd6 is read’below ,without ob-cTiurt'will'13 take it as truo, without proof m the recor .
Demands heid by obli-gor on as-assignment6 may beset off inequity.
Bibb, for appellant.
The deposition of Morehead being rejected, nothing remains to prove that Brown was indebted to him in other demands than the note endorsed to Yance, and *-he set-off of the two notes is certainly proper, if they be genuine, and so we apprehend they should be considered by us; for we do not understand the answer of defendant such a denial of them as to require proof of their execution, under the act of 1801, 1 Dig. L. K. 257, § 1. We do not decide that an answer may nofc containsucb a denial aswiJJ put the plaintiff upon the proof of a note exhibited, and that a plea in form is indispensable under that statute; but that the present is nof- suchan one, and we are very certain the defendant, Yance, did not consider himself as denying on oath, the genuineness of those notes. For the same reason, we suppose the orders for whiskey likewise true. How easy for Vance, if he sincerely entertained a different belief, to bare said so.
All these demands accrued before the assignment from Morehead to Yance, and should be allowed against the judgment.
Touching the claim for the deficiency in the tract of land, it must suffice to say, that no deficit is proved.
Decree reversed with costs, cause remanded, and . decree to be rendered in conformity with this opinion.